Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 516-326-2333
Attorney for Plaintiff, Teresa Carr

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Teresa Carr

                Plaintiff,                         **COMPLAINT**
                                                    **WITH JURY DEMAND**

     v.

Resurgent Capital Services, L.P. and
LVNV Funding, LLC

                Defendants.
-------------------------------------------------------X

       Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendants, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by Resurgent Capital Services, LP ("Resurgent") and LVNV Funding, LLC ("LVNV") (Resurgent and LVNV when used collectively shall be referred to as the "Defendants") in connection with their attempts to collect an alleged debt from Plaintiff.

2. Plaintiff alleges that Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or

1

unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendants do business within this District.

## PARTIES

7. Plaintiff, Teresa Car is an individual natural person who at all relevant times resided in the City of Whitestone, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Resurgent Capital Services, LP is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601 and may be served process upon the Corporation Service Company at 80 State Street, Albany, New York 12207.

10. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. LVNV's website describes Resurgent as a corporation to whom LVNV "outsources the management of its portfolio of accounts…" and that Resurgent acts as an "Account Administrator" for LVNV. *See* http://lvnvfunding.com (Last visited December 18, 2020).

12. Resurgent is registered as a "debt collector" with the State of New York.

13. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

15. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

16. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited December 18, 2020).

17. The principal purpose of LVNV is the collection of debts using the mail and telephone.

18. Debt collection is the principal purpose of LVNV's business.

19. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

20. Debt collection is LVNV's only business.

21. LVNV is in the business of debt-buying.

22. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

23. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

24. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

25. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

26. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### **FACTS**

27. Sometime prior to August 12, 2016, Plaintiff allegedly incurred a debt to Synchrony Bank ("Synchrony") related to a personal credit card account with an account number ending in 7577 (the "Debt").

28. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Synchrony.

29. The Debt arose out of a credit card account which Plaintiff opened and used for her personal use.

30. Plaintiff's credit card account that was issued by Synchrony was neither opened nor used by Plaintiff for business purposes.

31. Plaintiff's personal credit card account Debt to Synchrony is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

33. Defendants contend that the alleged Debt went into default because of non-payment.

34. After the alleged Debt went into default because of non-payment, the Debt was allegedly sold by Synchrony to LVNV.

35. The Debt was in default when it was allegedly purchased by LVNV.

36. LVNV claims that they purchased the Debt and are now the entity to whom the Debt is owed.

37. LVNV contends that the Debt is in default.

38. Resurgent contends that the Debt is in default.

39. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

40. On March 9, 2020, Plaintiff sent a letter to LVNV care of Resurgent (the "Plaintiff's Letter"). (Annexed and attached hereto as Exhibit A is a copy of the Plaintiff's Letter dated March 9, 2020 that Plaintiff mailed to Defendants, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

41. The Plaintiff's Letter begins by stating, "I am disputing the above-referenced debt."

42. The Plaintiff's Letter ends by stating, "Finally, I will not pay this debt under any circumstances."

43. The Plaintiff's Letter did not request nor seek verification of the Debt from the Defendants.

44. The Plaintiff's Letter did not request any information regarding the Debt from the Defendants.

45. The Plaintiff's refusal to pay the Debt was not conditional on Defendant's first providing verification of the Debt or any other circumstances.

46. The Plaintiff's Letter was received by Defendants via first class United States Postal Service mail on March 16, 2020.

47. After Resurgent received Plaintiff's Letter, they entered it into their records for the Plaintiff's Debt and account.

48. After Resurgent received Plaintiff's Letter, they forwarded it to LVNV who then entered the Dispute Letter into their records for the Plaintiff's Debt and account.

49. Defendants had first communicated with Plaintiff more than 30 days prior to Plaintiff sending the Plaintiff's Letter to Defendants.

50. On or about April 6, 2020, Resurgent mailed or caused to be mailed a letter to Plaintiff (the "Verification Letter"). (Annexed and attached hereto as <u>Exhibit B</u> is a copy of the Verification Letter dated April 6, 2020 that Resurgent mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

51. Resurgent mailed the Verification Letter at the request of and on behalf of LVNV.

52. Plaintiff received the Verification Letter in the mail.

53. Plaintiff read the Verification Letter upon receipt of it in the mail.

54. The Verification Letter was sent in connection with the collection of the Debt.

55. Resurgent mailed the Verification Letter as a part of their efforts to collect the Debt.

56. The Verification Letter states in relevant part, "This is an attempt to collect a debt and any information obtained will be used for that purpose."

57. The Verification Letter states, "To make a payment, please contact us at the toll free number provided."

58. The Verification Letter seeks to collect the Debt.

59. The Verification Letter conveyed information regarding the Debt including the Balance, Resurgent Reference ID, a request for payment, and a method to make the payment by phone.

60. The Verification Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

61. In sending the Verification Letter, the Defendants continued to attempt to collect the Debt after receiving the Plaintiff's Letter.

62. Upon information and belief, Defendants continued to attempt to collect the Debt after receiving the Plaintiff's Letter by hiring third party debt collectors to attempt to collect the Debt.

63. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

65. The conduct of the Defendants in this case violates 15 U.S.C. §1692c(c).

66. 15 U.S.C. § 1692c(c) provides:

> If a consumer notifies a debt collector in writing **that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further

>communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --
>
>>(1) to advise the consumer that the debt collector's further efforts are being terminated;
>>
>>(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>>
>>(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
>If such notice from the consumer is made by mail, notification shall be complete upon receipt
>
>(Emphasis Added)

67. Defendants violated § 1692c(c) of the FDCPA because they continued to communicate with the Plaintiff in an attempt to collect the Debt after receiving the Plaintiff's Letter. The Plaintiff's Letter ended by stating, "Finally, I will not pay this debt under any circumstances." This language is a refusal to pay the Debt and triggers § 1692c(c) of the FDCPA. After receiving the Plaintiff's Letter, 15 U.S.C. § 1692c(c) required Defendants to cease all communications with Plaintiff, except for those communications described in subjections (1), (2) and (3) of § 1692c(c), none of which are applicable here. Rather than cease communications with the Plaintiff, Defendants sent out the Verification Letter to Plaintiff which sought to collect the Debt.

68. Defendants were under no legal obligation under the FDCPA to send the Verification Letter to Plaintiff or provide the supposed verification of the Debt to Plaintiff. Plaintiff did not send the Plaintiff's Letter within 30 days of any initial communication with LVNV or Resurgent, nor did Plaintiff request verification of her Debt or any other information regarding the Debt in the Plaintiff's Letter. Furthermore, Plaintiff did not condition her refusal to pay on Defendants first providing verification of the debt or any

proof that the Debt was due and owing LVNV. The Verification Letter which supposedly provided proof that Plaintiff owed money to LVNV and requested payment of said Debt was voluntarily sent by Defendants to Plaintiff on their own accord. This sending on the Verification Letter violated § 1692c(c) because upon receipt of the Plaintiff's Letter, the Defendants were required to cease all communications with Plaintiff in an attempt to collect the Debt. In sending the Verification Letter to Plaintiff, Defendants continued to attempt to collect the Debt and thus violated the FDCPA.

69. Defendants are liable to the Plaintiff for statutory and actual damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Defendants for:

(1)   Statutory damages;

(2)   Actual damages;

(3)   Attorney's fees, litigation expenses and costs of suit; and

(4)   Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Floral Park, New York
       December 21, 2020

                            /s/ Ryan Gentile
                  By:_____
                       Ryan Gentile, Esq.

*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com